# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KENTAVIUS CARR, | : | |
| Inmate No. 925664, | : | |
|     Plaintiff, | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |
| v. | : | |
| | : | |
| THEODORE JACKSON; MARK | : | CIVIL ACTION NO. |
| ADGERS; REUBEN | : | 1:16-CV-1442-WSD-JSA |
| WINGFIELD; JERRY CONNER, | : | |
|     Defendants. | : | |

## **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

This matter is before this Court on Defendants' motion to dismiss with accompanying brief and affidavits [Doc. 17].

In the complaint, Plaintiff alleged that he was Muslim, that as part of his Muslim beliefs he is required to eat Halal or Kosher food, and that while incarcerated at the Fulton County Jail he never received responses to his numerous requests to receive Halal or Kosher meals. (Doc. 1). This Court allowed Plaintiff's First and Fourteenth Amendment religious free exercise claims against Defendants to proceed, and Defendants now have filed a motion to dismiss the complaint. (Doc. 17). Therein, Defendants argue that the complaint should be

dismissed because Plaintiff failed to exhaust his administrative remedies. (*Id.*).[1]
Plaintiff has not filed a response to the motion to dismiss, and it is therefore deemed unopposed. *See* L.R. 7.1B, NDGa. For the following reasons, the undersigned **RECOMMENDS** that Defendants' motion to dismiss [Doc. 17] be **GRANTED**.

I. Discussion

    A. Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *American United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1057 (11th Cir. 2007). Moreover, "a *pro se* pleading is to be construed more liberally than a counseled pleading."

---

[1] Defendants also seek dismissal of Plaintiff's claims under the Religious Land Use And Institutionalized Persons Act ("RLUIPA"); however, the undersigned specifically noted in the frivolity order that the Court would not construe Plaintiff's claims as being raised under RLUIPA for the very reason that Defendants argue those claims should be dismissed – *i.e.,* because Plaintiff only has requested damages against Defendants in their individual capacities and any such relief is prohibited under RLUIPA. *See* Doc. 5 at n.1 (citing *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) (holding that RLUIPA does not create a private action for damages against officials sued in their individual capacity), *abrogated on other grounds by Sossoman v. Texas*, 563 U.S. 277 (2011).

*Alsobrook v. Alvarado*, 477 F. App'x 710, 711 (11th Cir. 2012); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Plaintiff Failed To Exhaust Administrative Remedies.

Defendants argue that Plaintiff has failed to exhaust his available administrative remedies. (Doc. 17). In support of this argument, Defendants have submitted the declarations of Sergeant Byron McMullen, custodian of records at the Fulton County Jail [Doc. 17, Attach. 2]; Chaplain Jerry Conner [Doc. 17, Attach. 3]; Lieutenant Colonel Reuben Wingfield [Doc. 17, Attach. 4]; and Priscilla Townes, who worked in the Intake Division at the Fulton County Jail [Doc. 17, Attach. 5].

3

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion requires "that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The purpose of this requirement is "to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 93 (alteration and citation omitted). The PLRA's exhaustion requirement is mandatory, "regardless of the relief offered through administrative procedures," *Booth v. Churner*, 532 U.S. 731, 741 (2001), and courts do not have discretion to waive it. *Bryant v. Rich*, 530 F.3d 1368, 1372-73 (11th Cir. 2008). "The modifier 'available' in the PLRA means that inmates must exhaust administrative remedies so long as there is the possibility of at least some kind of relief." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (quotation marks and citations omitted).

> [D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process.

4

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citations omitted).

"A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." *Singleton v. Department of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009) (per curiam) (citing *Bryant*, 530 F.3d at 1376).

Pretermitting whether Plaintiff could demonstrate that his religious beliefs were "sincerely held," Plaintiff has failed to exhaust his administrative remedies. According to Chief Mark Adger, the grievance procedure at the Fulton County Jail

5

consists of the following steps: (1) the inmate must try to resolve the issue with the person or persons primarily responsible for the act or failure to act for which the inmate has a complaint; (2) the inmate should write a request to speak to the staff member's supervisor; and (3) if all else fails, the inmate should file a formal grievance with the facility Grievance Office. (Doc. 17, Attach. 2 ("Adger Decl.") at ¶ 5). Once the inmate files a formal grievance, the grievance officer is required to send a receipt to the inmate indicating the time and date the officer received the grievance as well as the grievance number. (*Id.*). The grievance officer also is required to offer a reasonable and responsible solution to a valid grievance. (*Id.*). All filed grievances are stored in the Fulton County Jail's database. (*Id.*).

Where an inmate has a religious need, that inmate should contact Chaplain Jerry Conner, and any request form for religious purposes will eventually come directly to Chaplain Conner. (*Id.* at ¶ 6; Doc. 21 ("Conner Aff.") at ¶¶ 4, 6). If the issue is not resolved, the inmate should request to speak to Chaplain Conner's supervisor, Lieutenant Colonel Reuben Wingfield. (Adger Aff. at ¶ 6). Plaintiff did not contact Chaplain Conner, Lieutenant Colonel Wingfield, or Chief Adger about receiving a Halal or Kosher meal. (Adger Aff. at ¶¶ 7, 9; Doc. 17, Attach. 4 ("Wingfield Aff.") at ¶ 5; Conner Aff. at ¶ 4). In fact, before Plaintiff filed this

6

lawsuit, none of the Defendants was aware that Plaintiff practiced the Islamic faith or that he ever had requested a Halal or Kosher meal.[2] (Adger Aff. at ¶¶7, 9; Conner Aff. at ¶7; Wingfield Aff. at ¶5).

Plaintiff has filed eight grievances since September 14, 2015, utilizing the Fulton County Jail Grievance Procedure; however, of those eight grievances Plaintiff only filed one grievance in connection with his religion and that grievance was submitted after he filed the instant complaint. In that grievance, Plaintiff complained that he was unable to participate in Ramadan as he did not receive a Ramadan tray, but he made no mention that he wanted a Halal or Kosher diet. (Adger Aff. at ¶¶ 7, 9; McMullen Aff. at 27-48). Thus, Defendants have met their burden of demonstrating that Plaintiff has not exhausted his administrative remedies.

---

[2] Indeed, during intake Plaintiff must have told Ms. Townes that he had no religion, because had he indicated that he was of the Islamic faith any such indication would have been reflected in the Fulton County Jail System; instead, that system indicated "None." (Adger Aff. ¶ 7; Doc. 17, Attach. 2 ("McMullen Aff.") at 7-25; Conner Aff. at ¶ 5; Doc. 17, Attach. 5 ("Townes Aff.") at ¶ 6). Furthermore, on the previous seventeen separate occasions where Plaintiff was booked into the Fulton County Jail he indicated that his religion was Baptist on six occasions, Christian on four occasions, and no religion on seven occasions. (Adger Aff. ¶ 7; McMullen Aff. at 7-25; Conner Aff. at ¶ 5; Townes Aff. at ¶ 6).

7

III.  Conclusion

**IT IS THEREFORE RECOMMENDED** that Defendants' unopposed motion to dismiss the complaint [Doc. 17] be **GRANTED**, and that this action be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 11th day of May, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)