# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KENTAVIUS CARR,<br><br>        Plaintiff,<br><br>v.<br><br>THEODORE JACKSON, MARK ADGERS, REUBEN WINGFIELD, and JERRY CONNER,<br><br>        Defendants. | 1:16-cv-1442-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [22] ("R&R"). The R&R recommends the Court grant Defendants Theodore Jackson, Mark Adgers, Reuben Wingfield, and Jerry Conner's (collectively, "Defendants") Motion to Dismiss [17]. The motion is unopposed.

**I.     BACKGROUND**[1]

On May 2, 2016, Plaintiff Kentavius Carr ("Plaintiff") filed his Complaint [1], alleging that he is Muslim, that as part of his beliefs he is required to eat Halal or Kosher food, and, while incarcerated at the Fulton County Jail, he did not receive responses to his numerous requests to receive Halal or meals that met Muslim dietary restrictions. On August 16, 2016, the Magistrate Judge, pursuant to a frivolity review under 28 U.S.C. § 1915A, allowed Plaintiff's First and Fourteenth Amendment religious free exercise claims to proceed. ([6]).

On October 31, 2016, Defendants filed their Motion to Dismiss. Defendants argue the Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies. Plaintiff did not file a response to the Motion to Dismiss, and it is deemed unopposed. See LR 7.1(B), NDGa.

On May 11, 2017, the Magistrate Judge issued his R&R. The Magistrate Judge found that Plaintiff failed to exhaust his available administrative remedies. He recommends the Court grant Defendants' Motion to Dismiss and dismiss this

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

action without prejudice for lack of exhaustion. Plaintiff did not file objections to the R&R, and has not taken any other action in this case.

**II. DISCUSSION**

    A.    <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    <u>Analysis</u>

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules,

including deadlines, as a precondition to bringing federal court." Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006). The purpose of the exhaustion requirement is "to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 93 (alteration and citation omitted). The PLRA's exhaustion requirement is mandatory, "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). Courts do not have discretion to waive it. Bryant v. Rich, 530 F.3d 1368, 1372-73 (11th Cir. 2008). "The modifier 'available' in the PLRA means that inmates must exhaust administrative remedies so long as there is the possibility of at least some kind of relief." Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005) (quotation marks and citations omitted). There is an established process to evaluate if administrative remedies were exhausted:

> [D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process.
>
> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual

issues related to exhaustion. The defendants bear the burden of
proving that the plaintiff has failed to exhaust his available
administrative remedies. Once the court makes findings on the
disputed issues of fact, it then decides whether under those findings
the prisoner has exhausted his available administrative remedies.

Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citations omitted).

"A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." Singleton v. Dep't of Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (per curiam) (citing Bryant, 530 F.3d at 1376).

After describing the grievance procedure at the Fulton County Jail, the Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies. (R&R at 5-7). The Magistrate Judge noted that, since September 14, 2015, Plaintiff has filed eight grievances in the Fulton County Jail Grievance Procedure, none of which mention that Plaintiff wanted a Halal diet or food meeting Muslim dietary restrictions.[2] The Magistrate Judge concluded here that Defendants met

---

[2] In one grievance, which Plaintiff filed after the Complaint in this action, Plaintiff complained that he was unable to participate in Ramadan because he did not receive a Ramadan tray. He did not mention that he wanted a Halal diet or food meeting Muslim dietary restrictions. (Adger Aff. at ¶¶ 7, 9; McMullen Aff. at 27-48).

5

their burden to demonstrate that Plaintiff failed to exhaust his administrative remedies. The Court finds no plain error in these findings and recommendation, and Defendant's Motion to Dismiss is granted. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [22] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants Theodore Jackson, Mark Adgers, Reuben Wingfield, and Jerry Conner's Motion to Dismiss [17] is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED** this 1st day of June, 2017.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE